# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA GAVIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-94-FHS-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Linda Gavit requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on June 30, 1954, and was fifty-seven years old at the time of the administrative hearing. She has past relevant work as a customer service representative, cashier, receptionist, and administrative assistant (Tr. 36). The claimant alleges she has been unable to work since February 1, 2010, due to diabetes and severe fibromyalgia (Tr. 159).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-05, on July 19, 2010. Her application was denied. ALJ Osly F. Deramus conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated January 3, 2012 (Tr. 25-37). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found the claimant retained the residual functional capacity ("RFC") to perform the full range of light work as defined by 20 C.F.R. § 404.1567(b) (Tr. 29). The ALJ concluded that the claimant could return to her past relevant work as a customer service representative,

cashier, receptionist, and administrative assistant (Tr. 36). Thus, the ALJ determined that the claimant was not disabled (Tr. 37).

## Review

The claimant contends that the ALJ erred in analyzing her credibility. The undersigned Magistrate Judge, however, finds that the ALJ failed to properly analyze the reviewing physician opinion of Dr. Tom Dees, and therefore finds that the Commissioner's decision should be reversed and remanded for further proceedings.

The claimant was diagnosed with symptomatic fibromyalgia syndrome, osteoarthritis of the hands, feet, and knees, and chondromalacia patellae in July 2002 (Tr. 248). The next notation related to the claimant's fibromyalgia comes from Dr. Gary Edwards, D.O. at the Family Medical Clinic in Fort Smith, Arkansas in April 2009, when the claimant's symptoms included extreme fatigue, hyperlipidemia, hypertension, and depression (Tr. 276). In November 2009, the claimant was evaluated in advance of starting physical therapy, at which time the claimant's pain was noted to be getting worse (Tr. 310). She was diagnosed with low back pain, and her treatment was scheduled for once a week for four weeks (Tr. 312). The claimant was discharged from physical therapy on December 16, 2009 because she had made good progress (Tr. 308). After being treated by Dr. Edwards for approximately eight months, the claimant was diagnosed again with fibromyalgia in December 2009 (Tr. 264).

The claimant was referred to Cooper Clinic in Fort Smith, Arkansas for a radiology report by Dr. James S. Deneke, M.D. because of pain (Tr. 350). The

radiographic findings included minimal straightening of the cervical lordosis and minimal foraminal spurring at C5-6, mild narrowing of the DIP and PIP joints in the wrists with minimal spurring and mild osteopenia, and mild spurring from the iliac crest (Tr. 350). Dr. Carolyn Dillard referred the claimant to Dr. Deneke for a rheumatology evaluation in March 2010 because of joint pain and fatigue (Tr. 337). The claimant's complaints by history included aching wrists, swollen fingers with pain upon use, chronic stiffening in her lower back, and insomnia (Tr. 337). After an evaluation, Dr. Deneke concluded that the claimant had some osteoarthritis, some degenerative disease of the spine, and some overlay of fibromyalgia (Tr. 338). In May 2010, the claimant received treatment from Dr. Dillard, who noted that while the claimant was being treated for fibromyalgia, it was also alleviated by medication (Tr. 377). Further, the claimant complained of arthralgias, but also denied muscle weakness, myalgias, paralysis, scoliosis, stiffness, and swelling (Tr. 377).

The claimant's treating physician Dr. Dillard completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) on February 4, 2010 (Tr. 412-13). Dr. Dillard found that the claimant was unable to reach, grasp, push and pull, and perform fine manipulation (Tr. 412). Further, Dr. Dillard found that the claimant could only occasionally bend, squat, and kneel but could never crawl, climb, reach overhead, stoop, and crouch (Tr. 412). Dr. Dillard also wrote that the claimant should not be exposed to unprotected heights, marked temperature changes, dust, fumes, gases, and noise, and could only occasionally be around moving machinery and drive automotive

equipment (Tr. 412). Finally, Dr. Dillard wrote that the claimant would need to take unscheduled breaks, lie down at unpredictable times to rest, elevate her feet periodically during the day, and a sit/stand/walk option at will (Tr. 412-13). However, Dr. Dillard wrote that her responses were based on the claimant's responses to the questions in the medical source statement (Tr. 413).

State reviewing physician Dr. Tom Dees, M.D. completed a Physical Residual Functional Capacity Assessment in which he found that the claimant was capable of occasionally lifting and carrying up to 20 pounds, frequently lifting and carrying up to 10 pounds, and standing, walking, and/or sitting for six hours in an eight hour workday, respectively (Tr. 403). Further, Dr. Dees wrote that the claimant should only occasionally climb ladders, ropes and scaffolds and stoop and could frequently climb ramps and stairs, balance, kneel, crouch, and crawl (Tr. 404).

Social Security Ruling 96-6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4 (July 2, 1996). These opinions are to be treated as medical opinions from non-examining sources. *Id*. at *2. Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision. *Id*. *See also Valdez v. Barnhart*, 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii). In this case,

the ALJ assigned "great weight" to the reviewing physician opinion of Dr. Tom Dees, noting that he agreed with his opinion that the "claimant could perform the full range of 'light' work" (Tr. 34). But the ALJ's characterization of Dr. Dees' opinion is not supported by the record. As noted above, Dr. Dees found that the claimant could perform light work *with* limitations, *i. e.*, the claimant could only occasionally climb ladders, ropes and scaffolds and stoop and could frequently climb ramps and stairs, balance, kneel, crouch, and crawl (Tr. 404). While the ALJ did state that he was assigning great weight to Dr. Dees' opinion, he also failed to adopt the limitations therein and this constitutes reversible error. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("[T]he ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others. An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. . . . [T]he ALJ did not state that any evidence conflicted with Dr. Rawlings' opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others. We therefore remand so that the ALJ can explain the evidentiary support for his RFC determination.").

Because the ALJ failed to properly analyze the reviewing physician opinion of Dr. Dees, the decision of the Commissioner should be reversed and the case remanded for a proper analysis.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 10th day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma